### SCHEU v. BLUM.

(Supreme Court, Appellate Division, First Department.   March 6, 1908.)

ATTORNEY AND CLIENT—SUBSTITUTION—COMPENSATION.

On motion for a substitution of attorneys, both parties having submitted the question of the value of the services of the attorney to be removed to the court, it was proper for the court to make an order determining the amount, and, as the judge before whom the matter was pending had presided at the trial wherein the services were rendered, there was no necessity of a reference to advise the court of the matters that were already within its knowledge.

Appeal from Special Term.

Action by Magdalena Scheu against Jacob Blum, as administrator of Nicholaus Blum, deceased.   Plaintiff moved for an order for substitution of another attorney for her then attorney, David Bernstein, and from so much of the order granting the motion as fixed the value of Bernstein's services she appeals.   Modified and affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and SCOTT, JJ.

Page & Stimpson (Elias B. Goodman, of counsel), for appellant.
David Bernstein, for respondent.

PER CURIAM.   Upon the trial of this action the plaintiff recovered a verdict, upon which a judgment was entered, for the sum of $2,608.97.   Upon appeal to this court, said judgment was reversed, and a new trial ordered.   119 App. Div. 725, 104 N. Y. Supp. 887. Thereafter the plaintiff asked for a substitution of attorneys.   In her affidavit she set forth:

"That deponent is perfectly willing and will gladly consent that as a condition of the substitution of another for the said David Bernstein as her attorney of record herein that the said David Bernstein's fees be fixed and determined by the court, and be declared to be a charge and first lien against any recovery she may get against the defendant upon the second or other trial of this action."

And she therefore asked that an order of substitution be made "conditioned as aforesaid."

The respondent in his affidavit stated that he had no objection to the substitution, but that it should not be ordered unless he was protected and secured for his fees and disbursements, and asked that the amount thereof be fixed by the court, and that a lien therefor be declared.   Thereupon, upon this request of both parties, the court made an order fixing the value of the services of the attorney at $1,000, and ordered:

"That the said motion will be granted upon condition that the plaintiff will within five days after service of a copy of the within order upon Messrs. Page & Stimpson, plaintiff's attorneys, for the purpose of this motion, to-

gether with notice of entry, execute and file a stipulation, duly acknowledged, that the attorneys shall have a first lien to the extent of the said sum of $1,000 upon any amount which the plaintiff may recover or upon the proceeds of any settlement thereof, and out of which said sum the plaintiff's present attorney of record shall pay the counsel who represented the plaintiff upon the last trial."

Both parties having submitted the question of the value of the attorney's services to the court, it was entirely proper for the court to make an order determining the amount. As the learned judge before whom the matter was pending had presided at the trial in which the services under consideration had been rendered, there was no necessity of a reference to advise the court of the matters that were already within its personal knowledge. It seems to us, however, in view of the amount involved and the results of the litigation had, that the amount allowed should be reduced to $500.

The order appealed from will, therefore, be modified by reducing the sum fixed from $1,000 to $500, and, as so modified, affirmed, without costs to either party.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

